UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL PAPER COMPANY, d/b/a xpedx,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>R. SCOTT GRAY, et al.,<br><br>　　　　Defendants. | No. 4:10-CV-210 (CEJ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's application for entry of default judgment and motion for default judgment pursuant to Rule 55, Fed.R.Civ.P. Plaintiff filed its complaint on February 4, 2010, alleging that defendant S.G. Printing failed to pay $212,286.85 that was owed for paper products ordered from plaintiff.[1] Plaintiff alleges that defendant R. Scott Gray executed a Continuing Guaranty, in which he personally guaranteed all of S.G. Printing's obligations to plaintiff. Count I of the complaint is an action to collect the balance on the account. In Count II, plaintiff states a quantum meruit claim. Finally, in Count III, plaintiff states a breach of contract claim against defendant Gray, for breaching the personal guaranty. Plaintiff seeks judgment in the amount of $212,286.85, plus attorney's fees in the amount of $4,340.00.

A summons and a copy of the complaint was served on defendants on March 2, 2010. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), defendants were required to serve an answer within twenty-one days of being served. Defendants failed to do so and the

---

[1]Plaintiff alleges that defendants executed a credit application in order to purchase paper products from plaintiff "on account". The credit application provides that plaintiff is entitled to reasonable attorney's fees incurred in collecting outstanding balances on the account. Plaintiff attaches a copy of the executed credit application as Exhibit B to the complaint.

Clerk of Court, upon plaintiff's motion, entered default against defendants on March 30, 2010.

"[E]ntry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." United States v. $345,510.00 in U.S. Currency, 2002 WL 22040 at *2 (D. Minn. 2002). Whether to grant default judgment is a separate question within the discretion of the Court. See Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996). In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001).

After reviewing the record and the uncontested allegations of the complaint, the Court concludes that plaintiff is entitled to default judgment on each count. Plaintiff has alleged that defendant S.G. Printing ordered paper products from plaintiff and failed to pay on the account. Plaintiff has produced sufficient evidence, in the form of a statement of defendant's account, indicating that the amount owed to plaintiff by S.G. Printing totals $212,286.85. Plaintiff has also alleged that defendant R. Scott Gray signed a personal guaranty for this obligation. Therefore, plaintiff has shown that it is entitled to judgment against defendants, jointly and severally, in the amount of $212,286.85.

Plaintiff also seeks attorney's fees pursuant to a provision in the credit application signed by R. Scott Gray, on behalf of S.G. Printing. While plaintiff has shown that it is entitled, pursuant to the signed credit application, to reasonable

attorney's fees, plaintiff has failed to provide the Court with any means in which to determine whether the $4,340.00 requested in this matter is reasonable. Plaintiff merely provides an affidavit by plaintiff's counsel indicating that plaintiff incurred attorney's fees in the amount of $4,340.00. The affidavit does not state the number of hours worked on the matter, the type of work performed, or the hourly rate for the work. Without such information, the Court is unable to determine that the requested amount is reasonable. Therefore, the plaintiff's request for attorney's fees will be denied and no fees will be included in the judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for entry of final default judgment [#10] is **granted in part**.

**IT IS FURTHER ORDERED** that plaintiff's request for attorney's fees is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's "application" for entry of default judgment [#6] is **denied as moot**.

A separate judgment will accompany this Memorandum and Order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of June, 2010.